# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# SALISBURY DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| A.C. WIDENHOUSE, INC., | ) ) ) |
| Defendant. | ) ) ) |

CIVIL ACTION NO. _____

COMPLAINT

**JURY TRIAL DEMAND**

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Contonius Gill and other similarly situated black employees who were adversely affected by such practices. As more fully described below, the U.S. Equal Employment Opportunity Commission alleges that Defendant A.C. Widenhouse, Inc. discriminated against Gill and other similarly situated black employees by subjecting them to a hostile work environment because of their race, black.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42

U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina, Salisbury Division.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. Defendant is a North Carolina corporation with its principal place of business in Concord, North Carolina.

5. At all relevant times, Defendant has continuously been doing business in the State of North Carolina and the City of Concord and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Contonius Gill filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. From at least May 2007 through at least June 2008, Defendant engaged in unlawful employment practices at its facility in Concord, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). Specifically, Defendant discriminated against Gill and other similarly situated black employees by subjecting them to severe or pervasive racial comments and conduct that created a racially hostile work environment. The racial comments and conduct were unwelcome to Gill and other similarly situated black employees and were perpetrated by Defendant's General Manager, who is white, and other white employees of Defendant.

9. Shortly after Gill began working for Defendant as a truck driver around May 2007, one of his co-workers, a mechanic (the "Mechanic"), approached Gill with a noose in his hand and stated to him, "This is for you. Do you want to hang from our family tree?" Thereafter, the Mechanic continued to make racially derogatory comments to Gill throughout his employment. During the first several months of Gill's employment, the Mechanic called Gill "nigger" almost every time he saw Gill, and occasionally, "Tyrone" — a term the Mechanic used to refer to any unknown black individual. The harassment from the Mechanic also included comments, such as "we don't have a colored bathroom," "we're out of black paint – can we borrow some of you?," and "look at that tar baby."

10. Throughout his employment with Defendant, Gill also heard other employees of Defendant frequently use the racial slurs "nigger" and "monkey" over the CB radio – which was used by truck drivers to communicate with each other - when talking about black people.

3

11.     Defendant's General Manager, Gill's supervisor, also made racial comments and used racial slurs toward Gill multiple times per week throughout Gill's employment with Defendant.  The General Manager called Gill "coon," and said things to him like, "We are going coon hunting, are you going to be the coon?"  On one occasion, the General Manager also told Gill that if one of his daughters brought home a black man he (the General Manager) would kill them both.  The General Manager also frequently said "nigger" in Gill's presence.  The General Manager also used "Tyrone" to refer to black men and would say things like, "I hate being around all of these Tyrones. Tyrones always steal things."

12.     Gill was offended by these racially derogatory comments and complained about offensive race-based comments multiple times to Defendant's management.  Gill first complained to Defendant's General Manager shortly after he was hired about the noose incident with the Mechanic.  The General Manager laughed and did nothing to address the complaint.  Gill complained on multiple other occasions to the General Manager about the racial slurs being used on the CB radio by Defendant's employees. The General Manager still took no action.

13.     Gill was offended and humiliated by the racial comments made to him and to other black employees.  Gill did not welcome or invite the comments in any way. Because of the racial harassment, Gill did not want to go to Defendant's facility and tried to stay out on the road in his truck to avoid interaction with the General Manager and his co-workers as much as possible.  Gill also stayed off the CB radio on some occasions to avoid hearing the racial comments that were being made on the CB radio.

14. Defendant subjected other similarly situated black employees to the hostile work environment based on their race. Defendant's General Manager also supervised these employees. The harassment was severe or persuasive and included, but was not limited to, comments like "I am going to take 'Tyrone' out back and hang him." The General Manager also told other similarly situated black employees that they were going to find a noose with their names on it, referred to black men as "boys," and used "nigger" in their presence. At least one of the similarly situated black employees complained to the Defendant's co-owner and president about the racial harassment, but the racial harassment continued.

15. The racial comments and conduct were severe as it included repeated use of the term "nigger," references or displays of nooses, and comments regarding hanging. The racial comments were also pervasive throughout Gill's and the other similarly situated black employees' employment with Defendant. The comments and conduct were offensive and unwelcome. Gill and other similarly situated black employees complained on multiple occasions to the Defendant's General Manager and, on at least one occasion, to Defendant's co-owner and president, but the racial harassment continued.

16. The effect of the practices complained of above has been to deprive Contonius Gill and other similarly situated black employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race, black.

17. The unlawful employment practices complained of above were intentional.

18. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Contonius Gill and other similarly situated black employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with it, from maintaining a racially hostile work environment and from any other employment practice that discriminates on the basis of race, and from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for blacks and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Contonius Gill and other similarly situated black employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

D. Order Defendant to make whole Contonius Gill and other similarly situated black employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to

emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights in amounts to be determined at trial.

E. Order Defendant to pay punitive damages to Contonius Gill and other similarly situated black employees for its malicious and reckless conduct as described above in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this 22d day of June, 2011.

> Respectfully submitted,
>
> P. DAVID LOPEZ
> General Counsel
>
> JAMES L. LEE
> Deputy General Counsel
>
> GWENDOLYN YOUNG REAMS
> Associate General Counsel

7

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M. Street, NE
Fourth Floor, Suite 4NWO2F
Washington, D.C. 20507

**/s/ Lynette A. Barnes**
LYNETTE A. BARNES (NC Bar #19732)
Regional Attorney

KARA L. GIBBON HADEN (NC Bar #26192)
Supervisory Trial Attorney

**/s/ Nicholas G. Walter**
NICHOLAS G. WALTER
Trial Attorney (NC Bar #31849)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (704) 954-6472
Facsimile: (704) 954-6412
E-mail: nicholas.walter@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**