IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| & | ) 1:11-cv-498 ) |
| CONTONIUS GILL, | ) ) ) |
| Plaintiff-Intervenor, | ) ) ) |
| v. | ) ) |
| A.C. WIDENHOUSE, INC., | ) ) |
| Defendant. | ) |

## JUDGMENT AND INJUNCTION

For the reasons set forth in the Memorandum Opinion and Order entered contemporaneously with this Judgment,

IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff Equal Employment Opportunity Commission ("EEOC") recover from Defendant A.C. Widenhouse, Inc. ("Defendant"), the amount of Fifty Thousand and 00/100 dollars ($50,000) in compensatory and punitive damages.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff-Intervenor Contonius Gill ("Mr. Gill") recover from Defendant the amount of One Hundred Ninety-Three Thousand Five Hundred Nine and 79/100 dollars ($193,509.79), this sum being comprised of One Hundred and Five Thousand and 00/100 dollars ($105,000)

in compensatory and punitive damages, plus Seventy-One Thousand Six Hundred Sixty-Two and 82/100 dollars ($71,662.82) in back pay, plus compound prejudgment interest on the back pay award in the amount of Sixteen Thousand Eight hundred Forty-Six and 97/100 dollars ($16,846.97).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED as follows:

1. Defendant and its owners, managers, officers, and agents are permanently enjoined from discriminating against any person on the basis of race, African American, including by subjecting them to a racially hostile work environment, or any other protected category within the meaning of Title VII.

2. Defendant and its owners, managers, officers, and agents are permanently enjoined from discriminating or retaliating against any person because of opposition to any practice made unlawful under Title VII or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under that statute.

3. Within ten (10) days of the entry of this Judgment, Defendant shall eliminate from the employment records of Mr. Gill and Robert Floyd, Jr. ("Mr. Floyd") any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number

2

430-2008-04908 and the related events that occurred thereafter, including the filing of this lawsuit. Within fifteen (15) days of the entry of this Judgment, Defendant shall report compliance with this provision to the EEOC. If asked by a prospective employer for information or a reference concerning Mr. Gill or Mr. Floyd, Defendant and its owners, managers, officers, and agents must provide only the respective individual's dates of employment and last position held.

4. Within ninety (90) days of the entry of this Judgment, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against racial harassment and retaliation; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Defendant shall distribute to each current employee a copy of the policy within the aforementioned ninety (90) day time period. Within one hundred (100) days of the entry of this Judgment, Defendant shall report compliance to the EEOC and provide the EEOC with a copy of the implemented policy. During the term of this Judgment, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

5. During the term of this Judgment, Defendant shall continuously post a copy of the policy described in paragraph 4 above in each facility it owns and/or operates in a place where it is visible to all employees. If any copy of the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within one hundred (100) days after this Judgment is entered, Defendant shall post the policy and notify the EEOC that it has been posted.

6. During the term of this Judgment, Defendant shall provide an annual training program to all managers, supervisors, and employees in all of its facilities, and to all owners involved in Defendant's operations. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and its prohibition against discrimination in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 4 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days from the entry of this Judgment. Each subsequent training program shall be conducted at approximately one year intervals. Within ten (10) days after completion of each training program, Defendant shall certify to the EEOC the

4

specific training which was undertaken, provide the EEOC with an agenda for the training program, and provide the EEOC with a roster of all employees in attendance.

7. Beginning within thirty (30) days after the entry of this Judgment, and continuing throughout the term of this Judgment, Defendant shall conspicuously post the attached Employee Notice ("Notice"), marked Exhibit A and hereby made a part of this Judgment, in a place where it is visible to employees in each of its facilities. If any copy of the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Judgment, Defendant shall notify the EEOC that the Notice has been posted pursuant to this provision.

8. During the term of this Judgment, Defendant shall provide the EEOC with reports at six (6) month intervals, with the first being due four (4) months after the entry of this Judgment. The reports will include the following information:

> A. The identities of all individuals who, during the preceding six (6) months, complained either verbally or in writing about unwelcome conduct, whether verbal or physical, based on race, or who reported any discriminatory conduct, including but not limited to, conduct the individual believed to be racial harassment or believed to

5

be a violation of Defendant's anti-discrimination policy (referenced in paragraph 4 above), by identifying each individual's name, last known telephone number and address, and job title;

B. For each individual identified in response to paragraph 8.A above, the date of the complaint/report, the full name and job title of the person to whom the complaint/report was made, the name of the individual or individuals who allegedly engaged in the conduct that was complained about, a detailed description of the alleged conduct, and a detailed description of what action, if any, Defendant took in response to the report/complaint; and

C. For each individual identified in paragraph 8.A above, state whether the individual's employment status changed in any respect following the complaint/report (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time), and if so, a detailed explanation as to why the individual's employment status changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send EEOC a "negative" report indicating no activity.

9. EEOC may review Defendant's compliance with the terms of this Judgment. As part of such review, EEOC may inspect Defendant's facilities, interview employees, and examine and copy documents. Such inspections, interviews, and examinations shall be reasonable in scope and made at a reasonable time, based upon reasonable notice.

10. All reports or other documents sent to EEOC by Defendant pursuant to this Judgment shall be sent: (1) by electronic mail to EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail, to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

11. This Judgment for Injunctive Relief will remain in effect for three (3) years from the date of entry.

IT IS FURTHER ORDERED that Plaintiffs shall be awarded their costs of this action.

                                          /s/   Thomas D. Schroeder
                                      United States District Judge

February 22, 2013

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | |
| **Plaintiff,** | **EMPLOYEE NOTICE** |
| **v.** | |
| **A.C. WIDENHOUSE, INC.,** | |
| **Defendant.** | |

    1.    This Notice is posted and provided as part of a Judgment ordered as the result of a jury verdict in a lawsuit brought by the U.S. Equal Employment Opportunity Commission ("EEOC") against A.C. Widenhouse, Inc. ("A.C. Widenhouse") in a case of discrimination based on race. Specifically, the jury returned a verdict that A.C. Widenhouse violated federal law by subjecting Contonious Gill and a class of similarly situated employees to a hostile work environment based on their race, black.

    2.    Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

    3.    A.C. Widenhouse must comply with such federal laws in all respects. Furthermore, A.C. Widenhouse must not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the EEOC.

    4.    An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local EEOC field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

                      Equal Employment Opportunity Commission
                            131 M Street, N.E.
                            Washington DC 20507
                            TEL: 1-800-669-4000
                            TTY: 1-800-669-6820

**THIS NOTICE MUST REMAIN POSTED FOR AT LEAST THREE (3) YEARS FROM THE DATE OF ENTRY OF JUDGMENT. DO NOT REMOVE, COVER, OR DEFACE THIS LEGAL NOTICE.**