IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
U.S.    EQUAL    EMPLOYMENT    )
OPPORTUNITY COMMISSION,        )
                               )
       Plaintiff,              )
                               )
&                              )
                               )
CONTONIUS GILL,                )
                               )
       Plaintiff-Intervenor,   )
                               )
       v.                      )      1:11-cv-498
                               )
A.C. WIDENHOUSE, INC.,         )
                               )
       Defendant.              )
```

**ORDER**

This matter is before the court on the motion of Plaintiff-Intervenor Contonius Gill ("Gill") for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(d), Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1981 ("section 1981"), and 42 U.S.C. § 1988(b). (Doc. 114.) The Defendant, A.C. Widenhouse, Inc. ("Widenhouse"), opposes the motion (Doc. 119), and Gill has filed a reply (Doc. 121). The motion is now ripe for decision.

I.  BACKGROUND

On January 28, 2013, after a week-long trial on the merits, a jury returned verdicts in favor of Gill on his employment discrimination claims under Title VII and section 1981.

Specifically, the jury found Widenhouse liable to Gill for compensatory damages in the amount of $30,000 and punitive damages in the amount of $75,000.[1] The court subsequently found Widenhouse liable to Gill for back pay and prejudgment interest in the amount of $88,509.79. (Doc. 110.) As the prevailing party in the lawsuit, Gill now seeks an award of attorney's fees and costs. 42 U.S.C. § 2000e-5(k); id. § 1988(b).

## II. ANALYSIS

### A. Attorney's Fees

Title VII provides that the court "may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs." Id. § 2000e-5(k). Similarly, section 1981 provides that the court may award a reasonable attorney's fee as a part of the costs. Id. § 1988(b). These fee-shifting provisions serve to encourage attorneys to pursue cases that vindicate the purposes of these civil rights laws, even though such lawsuits might be economically unattractive under a contingency fee arrangement. Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 652 (4th Cir. 2002).

---

[1] The jury also found Widenhouse liable to the Equal Employment Opportunity Commission ("EEOC") on behalf of another employee, Robert L. Floyd, Jr., and awarded $20,000 in compensatory damages and $75,000 in punitive damages (which was remitted to the statutory cap of $50,000). (Doc. 110.)

2

Case 1:11-cv-00498-TDS-JEP Document 123 Filed 05/07/13 Page 2 of 14

A fee claimant "must submit documentation that reflects reliable contemporaneous recordation of time spent on legal tasks that are described with reasonable particularity." E.E.O.C. v. Nutri/Sys., Inc., 685 F. Supp. 568, 573 (E.D. Va. 1988) (citing Hensley v. Eckerhart, 461 U.S. 424, 440-41 (1983)). Failure to submit proper documentation is a basis for reducing or denying a fee award, as the trial judge must have sufficient information to weigh the hours claimed against his or her own knowledge and experience of the time required to complete the documented activities. Hensley, 461 U.S. at 433; Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717 (5th Cir. 1974), *overruled on other grounds*, Blanchard v. Bergeron, 489 U.S. 87 (1989). Further, the fee claimant must furnish specific support for the proposed hourly rate. Blum v. Stenson, 465 U.S. 886, 895-96 (1984). This support typically includes affidavits from lawyers who are familiar with the prevailing community rate in comparable cases for counsel with similar qualifications. Nutri/Sys., Inc., 685 F. Supp. at 573.

The methodology for establishing the amount of a reasonable fee is well-settled -- the court will look to the lodestar figure, meaning the product of the number of hours reasonably spent on appropriate legal tasks and an appropriate hourly rate. Grissom v. The Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008).

In arriving at the lodestar figure, the court considers the twelve factors described in Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978):

(1) The time and labor expended;

(2) The novelty and difficulty of the questions raised;

(3) The skill required to properly perform the legal services rendered;

(4) The attorney's opportunity costs in pressing the instant litigation;

(5) The customary fee for like work;

(6) The attorney's expectations at the outset of the litigation;

(7) The time limitations imposed by the client or circumstances;

(8) The amount in controversy and the results obtained;

(9) The experience, reputation, and ability of the attorney;

(10) The undesirability of the case within the legal community in which the suit arose;

(11) The nature and length of the professional relationship between attorney and client;

(12) Attorneys' fees awards in similar cases.

Using these factors as a guide, the court now turns to the specific fee application in this case.

Gill seeks $132,650 in attorney's fees.[2] This figure is the product of the $350 hourly rate of counsel Jenny L. Sharpe and the 379 hours she represents were expended on the case. (Doc. 115, Affidavit of Jenny L. Sharpe, Esq. ("Sharpe Aff."), Ex. A; Doc. 121, Ex. 1.) The number of hours expended is supported by an itemized "Detail Fee Transaction List," which contains entries showing the date, number of hours spent on various legal services, and a brief description of the work performed. (Sharpe Aff., Ex. A.) Counsel certifies that all entries were recorded contemporaneously with the actual legal services performed. (Doc. 121, Ex. 1.)

In considering the time and labor expended in this case, the court finds the 379 hours claimed by Gill's counsel to be reasonable. The court has carefully reviewed the documentation submitted by Gill and finds that it provides sufficient information upon which to make a fair evaluation of the time expended and the nature of the services performed. The court has also considered counsel's opportunity costs in prosecuting Gill's claims, as well as the burdens of the evidentiary issues encountered. Although the court agrees with Gill's candid assessment that the legal issues in this case were not overly

---

[2] Gill initially sought $125,370.00 in attorney's fees. However, Gill seeks an additional $7,280.00 for work on the reply brief he contends was necessary related to the motion for fees and costs.

5

complicated (Doc. 115 at 6), counsel's representation lasted well over a year and culminated in five days of trial in a heavily-contested case. Additionally, the trial resulted in a verdict for Gill on all counts, including retaliation claims the EEOC elected not to pursue on behalf of Gill, and the recovery was substantial. See Hensley, 461 U.S. at 435-36 (noting that "the most critical factor is the degree of success obtained" and that an attorney should recover a fully compensatory fee "where a plaintiff has obtained excellent results"); Liberty Mut. Ins. Co. v. Emp. Res. Mgmt., Inc., 176 F. Supp. 2d 510, 536 (D.S.C. 2001) (noting that counsel's success in a case is "entitled to great weight in the attorney's fee calculation").

Further, although Gill intervened in this lawsuit, which was originally brought by the EEOC, there is sufficient evidence of a division of labor for the court to find that the hours expended by Gill's counsel were not duplicative. See Nutri/Sys., Inc., 685 F. Supp. at 575 (noting that where intervenor's counsel works closely with the EEOC, the time should be discounted unless there is a convincing description of the division of labor). Gill submitted not only itemized time records with a description of legal services, but also an affidavit from Nicholas G. Walter, lead counsel for the EEOC ("Walter Affidavit"). (Doc. 121, Ex. 4.) The Walter Affidavit

6

explains the division of labor between the EEOC and Gill's counsel and notes, as the court has pointed out, that Gill asserted discriminatory and retaliatory discharge claims that were not pursued by the EEOC. (Id.) The discriminatory and retaliatory discharge claims required additional effort by Gill's counsel in order to prove pretext, and these claims were the sole subject of unsuccessful motions by Widenhouse for summary judgment and for judgment as a matter of law during trial. (Id.) Moreover, the court notes that Ms. Sharpe was a very active trial participant who took the lead on many issues involving the Plaintiffs' claims. As such, the court finds that the 379 hours expended by Gill's counsel were reasonable in light of the circumstances of this lawsuit.

The court's award of attorney's fees should be guided by the prevailing market rate for fees charged for similar work in the relevant community. Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 244 (4th Cir. 2009). This inquiry is best served by looking to what comparable attorneys earn from similar services in similar circumstances. Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 175 (4th Cir. 1994).

In this case, Ms. Sharpe has practiced law for 27 years. (Sharpe Aff.) For some portion of that time she served as a senior trial attorney for the EEOC. (Id.) She has received

7

recognition by her peers as a specialist in the area of plaintiffs' employment litigation (id.), which is consistent with her performance during the trial of this action. She requests the rate of $350 an hour, which she represents is her normal hourly rate for litigation. (Id.)

Gill has provided two affidavits from qualified attorneys that practice employment litigation in the Middle District of North Carolina.[3] (Sharpe Aff., Ex. C.) These attorneys have similar qualifications, specialties, and experience as Ms. Sharpe, are known to the court, and therefore serve as appropriate comparators. Compare (id.) with (Doc. 121, Ex. 1.) Further, the rates these attorneys charge in similar cases either are or include the $350/hour figure proposed by Gill, and both affiants opine that $350/hour is an appropriate rate for the instant lawsuit. (Sharpe Aff., Ex. C (Robert M. Elliot, Esq.: $350/hour; Julie Theall Earp, Esq.: $250-$375/hour).) In

---

[3] The court is not persuaded by Widenhouse's argument that the court should look only to the prevailing market rate in Cabarrus County, North Carolina (the location of the incident giving rise to the cause of action). Although the court should look to prevailing market rates in the "relevant community," Blum v. Stenson, 465 U.S. 886, 895 (1984), the "relevant community" in this case is not just the city or town where the cause of action arose, but is instead the Middle District of North Carolina. See Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 244 (4th Cir. 2009) (referring to the relevant community as the Eastern District of Virginia); Grissom v. The Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008) (same). Here, Gill's affiants practice in the Middle District of North Carolina and are familiar with the billing practices in this district. (Sharpe Aff., Ex. C.)

8

addition, Gill's counsel has a history of normally charging $350/hour in her litigation practice, as she has billed this rate since September 2010. (Doc. 121, Ex. 1); see Spell v. McDaniel, 824 F.2d 1380, 1402 (4th Cir. 1987) (taking into account counsel's actual billing practices in making a reasonable fee award).

Although Widenhouse has submitted affidavits that attempt to cast doubt on the reasonableness of the $350/hour figure proposed by Gill, Widenhouse's evidence is unpersuasive. First, one of Widenhouse's affiants, who charges $250/hour in Concord, North Carolina, fails to establish that he practices in federal court or handles employment litigation. (See Doc. 119, Ex. A.) Accordingly, the court does not find him to be an appropriate comparator in this case.

The second affidavit relied on by Widenhouse is authored by its appellate counsel, Phillip M. Van Hoy. Mr. Van Hoy is an experienced employment litigation lawyer and charges $360/hour for his services. (Doc. 119, Ex. B.) However, Mr. Van Hoy opines that the $350/hour charged by Gill's counsel is excessive given Ms. Sharpe's years of practice and her solo law firm's low overhead. (Id.) However, Mr. Van Hoy does not explain what an appropriate rate would be. And, as correctly noted by Gill, counsel's overhead cost is not one of the factors normally

9

considered in making a fee award. See Barber, 577 F.2d at 226 n.28. Further, although Mr. Van Hoy points to Ms. Sharpe's years of experience, the affidavits submitted by Gill establish that other attorneys who have been in practice for a similar length of time are charging $350 an hour in the Middle District of North Carolina. (See Sharpe Aff., Ex. C.) Finally, Mr. Van Hoy rests his opinion on the assertion that Ms. Sharpe's participation in this case was "surplusage to some extent" because "the EEOC has the full panoply of expertise and resources" available to it. (Doc. 119, Ex. 2 at 4.) In reality, Ms. Sharpe acted more as lead attorney during the trial, especially as to all claims relating to Gill and, as noted, was the only attorney to prosecute Gill's discharge claims.

Based on the above, the court finds that Ms. Sharpe's requested rate of $350 an hour is reasonable in this case.

There are also other reasons the fee claimed by Gill is appropriate. First, Gill's counsel agreed to take this case on a contingency basis without any guarantee of payment. Xiao-Yue Gu v. Hughes STX Corp., 127 F. Supp. 2d 751, 768 (D. Md. 2001) (considering contingent nature of the fee arrangement in determining reasonableness of a fee award). This level of risk should be considered in making the fee award, especially as Gill

10

indicated in his affidavit that he would not have otherwise been able to prosecute his claim (Doc. 121, Ex. 3). See Dennis, 290 F.3d at 652 (noting that the purpose of a fee award in a Title VII case is to encourage attorneys to prosecute civil rights cases despite the fact that these cases may be economically unattractive). The preparation for trial also caused Ms. Sharpe to turn down consultations and work for other prospective clients during December 2012 and January 2013. (Sharpe Aff.) Finally, the fee award is reasonable compared to awards in similar cases. For example, in Bennett v. CSX Transp., Inc., --- F. Supp. 2d ---, 2012 WL 5873653 (E.D.N.C. Oct. 30, 2012), the court awarded the plaintiff's trial counsel and former counsel $278,740.00 and $352,593.25, respectively, in a Title VII case that involved a five-day jury trial and culminated in an award for the plaintiff. Although the representation in Bennett did last longer than in this lawsuit, in comparing the cases the court still finds that the award requested by Gill would be reasonable. This is especially true when taking into account the motion practice and pretrial preparation in this case.

Accordingly, the court finds that an award of $132,650.00 in attorney's fees is reasonable.[4]

---

[4] To the extent any other Barber factor applies, the court has considered them all in assessing the reasonableness of this fee.

**B. Costs and Litigation Expenses**

Gill also seeks, and Widenhouse does not contest, an award of $17,768.80 in costs. Costs that may be awarded in the court's discretion include travel, copy, and other expenses that would normally be charged to a client. Trimper v. City of Norfolk, 58 F.3d 68, 75 (4th Cir. 1995); Bennett, 2012 WL 5873653, at *4. In addition to considering those costs allowed under Federal Rule of Civil Procedure 54 and the court's local rules, "where attorney's fees are expressly authorized by statute . . . the trial court . . . has authority to include litigation expenses as part of a reasonable attorney's fee." Herold v. Hajoca Corp., 864 F.2d 317, 323 (4th Cir. 1988) (quotation and citation omitted).[5] While there is a presumption in favor of awarding costs to the prevailing party, a party seeking costs must provide the court with adequate documentation of the costs incurred. Trimper, 58 F.3d at 77; Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994).

The court has carefully reviewed Gill's request for an award of costs and finds that the documentation submitted is sufficient and the costs reasonable and necessary, with one

---

[5] Although technically considered part of an award of attorney's fees, litigation expenses in Title VII cases are addressed here separately. See, e.g., Bennett v. CSX Transp., Inc., --- F. Supp. 2d ---, 2012 WL 5873653, at *4 (E.D.N.C. Oct. 30, 2012).

12

exception.[6] The court declines to award $10,900 for paralegal fees, because Gill has not demonstrated what services the paralegal was performing. Here, Gill has claimed that his counsel employed a paralegal, Ms. Dana Craig, who expended 109 hours, at a rate of $100/hour, on his case. (Sharpe Aff., Ex. B.) The hourly rate is reasonable, but Gill does not provide an itemized description of how these hours were spent or what tasks the paralegal was performing. While it is well-settled that a prevailing party may recover paralegal fees in a Title VII case, see, e.g., Jones v. Armstrong Cork Co., 630 F.2d 324, 325 n.1 (5th Cir. 1980), Gill has failed to meet his burden to show that the 109 hours expended by the paralegal in this case include only properly recoverable expenses. Namely, "[p]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989). Further, paralegal fees cannot be awarded if the services performed are duplicative of other legal fees.

---

[6] The costs incurred in this case include the following: copies ($339.60 @ .15/each); scanned exhibits ($141.00); postage ($51.39); mileage ($235.20); FedEx copies ($351.81); medical records copies ($16.00); deposition transcripts ($2,956.25); paralegal mileage ($141.96); hotel and meals ($1,375.01); mediator fee ($930.58); subpoena service ($80.00); witness fees ($160.00); and parking fees ($90.00). (Doc. 115, Ex. A; Doc. 122, Ex. 1.) Although the court declines to award paralegal fees ($10,900), for the reasons noted infra, it is apparent that some paralegal work would have been appropriate and thus the court will award the *de minimis* travel costs associated with the paralegal's work as reasonable.

13

Hawkins v. Anheuser-Busch, Inc., 697 F.2d 810, 817 (8th Cir. 1983). Because the court has no record upon which it can discharge its obligation to make an appropriate assessment (even after bringing this deficiency to Gill's attention and inviting the submission of an amended cost statement), the court declines to award $10,900 in paralegal fees. Accordingly, the court will award costs and litigation expenses in the amount of $6,868.80.

## III. CONCLUSION

For the reasons set forth above, therefore,

IT IS ORDERED that Gill's Motion for Award of Attorney's Fees And Costs (Doc. 114) is GRANTED and that Gill shall recover from Widenhouse $132,650.00 in attorney's fees and $6,868.80 in costs, for a total of $139,518.80.

/s/   Thomas D. Schroeder
United States District Judge

May 7, 2013