**<u>UNPUBLISHED</u>**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-1389**

———————————

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                Plaintiff – Appellee,

CONTONIUS GILL,

                Intervenor/Plaintiff – Appellee,

       v.

A.C. WIDENHOUSE, INC.,

                Defendant – Appellant.

———————————

**No. 13-1683**

———————————

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                Plaintiff – Appellee,

CONTONIUS GILL,

                Intervenor/Plaintiff – Appellee,

       v.

A.C. WIDENHOUSE, INC.,

                Defendant – Appellant.

———————————

Appeals from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:11-cv-00498-TDS-JEP)

---

Argued:  May 13, 2014                  Decided:  June 24, 2014

---

Before DUNCAN and WYNN, Circuit Judges, and J. Michelle CHILDS, United States District Judge for the District of South Carolina, sitting by designation.

---

Affirmed by unpublished opinion.  Judge Duncan wrote the opinion, in which Judge Wynn and Judge Childs joined.

---

**ARGUED:** George Bryan Adams, III, VAN HOY, REUTLINGER, ADAMS & DUNN, PLLC, Charlotte, North Carolina, for Appellant.  Jenny Lu Sharpe, SHARPE LAW OFFICE, Charlotte, North Carolina; Julie Loraine Gantz, U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Appellees. **ON BRIEF:** Philip Marshall Van Hoy, VAN HOY, REUTLINGER, ADAMS & DUNN, PLLC, Charlotte, North Carolina, for Appellant.  P. David Lopez, Lorraine C. Davis, Carolyn L. Wheeler, U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Appellee U.S. Equal Employment Opportunity Commission.

---

Unpublished opinions are not binding precedent in this circuit.

2

DUNCAN, Circuit Judge:

Appellant, A.C. Widenhouse, Inc., appeals from jury verdicts and an attorney's fee award in favor of Appellees Contonious Gill and the Equal Employment Opportunity Commission ("EEOC"). Widenhouse contends that it is entitled to a new trial on the appellees' claims of racially hostile work environment, racially discriminatory discharge, and retaliatory discharge as a result of the district court's evidentiary and instructional errors, and that the attorney's fee award should be vacated or reduced. For the reasons that follow, we affirm.

I.

Gill worked as a truck driver for Widenhouse from May of 2007 until his termination in June of 2008. During that time, Gill, who is African-American, was subjected to frequent racial slurs such as the "N" word and "porch monkey," racially charged jokes and comments, and displays of freighted objects such as nooses and confederate flags. Gill repeatedly reported at least some of these incidents to his supervisors, who took no curative action. In June of 2008, when Gill became ill while working and was unable to complete a delivery, his employment was terminated.

In August of 2008, Gill filed a charge with the EEOC alleging a pattern of racially discriminatory activities by

3

Widenhouse and claiming that he was terminated in retaliation for reporting that discrimination. In June of 2011, the EEOC filed a complaint in the Middle District of North Carolina on behalf of Gill and another African-American Widenhouse employee, Robert Floyd, alleging that Widenhouse maintained a racially hostile work environment. In July of 2011, Gill intervened in the suit, bringing additional claims for racial harassment, racially discriminatory discharge, and retaliatory discharge in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. The case proceeded to trial in January of 2013.

At Widenhouse's request, the trial was bifurcated into liability and damages phases. During the liability phase, Widenhouse sought to examine Gill about an EEOC charge he filed against his previous employer, Consolidated Pipe, and to introduce testimony from Gill's former supervisor about the charge and Gill's termination. The district court refused to allow the examination or admit the testimony.

At the close of the liability phase, the district court instructed the jury on the law concerning the plaintiffs' claims. The district court instructed the jury that it should find Widenhouse liable for violating Title VII's retaliation provisions if it found that retaliation for Gill's protected activity of reporting racial discrimination was a motivating factor in his termination. Widenhouse did not object to this

4

instruction.    The district court also instructed the jury, over Widenhouse's objection, to determine whether Widenhouse would be liable for punitive damages if it were found to be liable for the substantive counts of the complaints.

The jury found Widenhouse liable for each plaintiff's claims and the trial proceeded to the damages phase.    The jury awarded compensatory and punitive damages to both plaintiffs as well as back pay with interest to Gill.    The district court subsequently granted Gill's motion for attorney's fees and costs.    After the district court issued its judgment, the Supreme Court decided <u>Univ. of Tex. Sw. Ctr. v. Nassar</u>, 133 S. Ct. 2517 (2013).    <u>Nassar</u> held, contrary to our existing precedent as applied by the district court at trial, that "a plaintiff making a retaliation claim under [Title VII] must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer," and not merely a motivating factor.    133 S. Ct. at 2534.    Widenhouse timely appealed.

## II.

When assignments of error are properly preserved below, "we review a district court's refusal to give a jury instruction for abuse of discretion [and] conduct a de novo review of any claim that jury instructions incorrectly stated the law."    <u>United</u>

5

States v. Mouzone, 687 F.3d 207, 217 (4th Cir. 2012) (internal citations omitted).  We review evidentiary rulings for abuse of discretion and "will only overturn an evidentiary ruling that is arbitrary and irrational." United States v. Cloud, 680 F.3d 396, 401 (4th Cir. 2012) (internal quotation marks and citations omitted).  We review awards of attorneys fees under a "sharply circumscribed" abuse of discretion standard and will not overturn an award "unless it is clearly wrong." Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009) (citation omitted).

When an assignment of error is not properly raised before the district court, we may still act within our "inherent power to address [it]." Brickwood Contrs., Inc. v. Datanet Eng'g Inc., 369 F.3d 385, 396 (4th Cir. 2004).  However, we "should exercise our discretion to correct [such] error only if we can conclude...'that the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" Id. at 397 (quoting Taylor v. Va. Union Univ., 193 F.3d 219, 240 (4th Cir. 1999)).  Therefore, "absent exceptional circumstances...we do not consider issues raised for the first time on appeal." Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 603 (4th Cir. 2004).  When such circumstances exist, we may grant relief if there is an error, it is plain, and the error affects the appellant's substantial rights.  See

6

United States v. Olano, 507 U.S. 725, 732 (1993); see also Brickwood Contrs., Inc., 369 F.3d at 396 ("This court has held that the approach set out by the Supreme Court in Olano should also be applied in civil cases.").

III.

A.

Widenhouse first contends that it is entitled to a new trial on all of Gill's claims because the district court improperly instructed the jury regarding Gill's Title VII retaliation claim. Widenhouse argues that this error so tainted the jury's consideration of the evidence that it became incapable of reaching a fair verdict on any of Gill's claims.

Because Widenhouse did not object to this instructional error at trial, we must first determine whether review is appropriate. As discussed above, we ordinarily do not review unpreserved claims of error in civil cases and the burden is on the party asserting the error to prove the existence of exceptional circumstances necessitating review. However, in the case of instructional error, Federal Rule of Civil Procedure 51 specifically provides for our review of an otherwise waived claim for plain error if that error affects substantial rights. Fed. R. Civ. P. 51(d)(2). Therefore, we need not determine whether exceptional circumstances exist and may move directly to

7

consideration of the district court's Title VII retaliation instruction under <u>Olano</u>.

Before <u>Nassar</u>, in this Circuit and others, plaintiffs could succeed on a Title VII retaliation claim by showing that retaliation for protected activity such as filing an EEOC charge was a "motivating factor"—even if not the only factor—for an adverse employment action. With <u>Nassar</u>, however, the Supreme Court changed the Title VII retaliation landscape, holding that the protected conduct must be the but-for cause of the retaliatory act. <u>Nassar</u>, 133 S. Ct. at 2528. The Supreme Court so held based on Title VII's use of the phrase "because of," which, per the Supreme Court, plainly means "but for." <u>Id.</u> The parties agree that pursuant to <u>Harper v. Va. Dep't of Taxation</u>, 509 U.S. 86 (1993), <u>Nassar</u>'s holding is retroactively applicable to this case.[1] Consequently, the parties agree for purposes of this appeal that the district court's motivating factor instruction was erroneous.

Gill argues that although the instruction was erroneous, the error was not plain because at the time of the trial our

---

[1] <u>Id.</u> at 97 ("When [the Supreme Court] applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate the announcement of the rule.").

8

precedent called for the application of the motivating factor standard to Title VII retaliation claims. This argument is unavailing. It is settled law that an error is plain for purposes of review when the challenged ruling is plainly erroneous at the time of direct appeal. See Brickwood Contrs., 369 F.3d at 397; see also Henderson v. United States, 133 S. Ct. 1121, 1127-29 (2013) (adopting a general "time of review" rule for all plain error claims in criminal proceedings). Gill does not claim that the challenged instruction, if given now, would be anything but plainly erroneous.

Although the district court erred and the error was plain, Widenhouse is not entitled to a new trial because it cannot show that the error affected its substantial rights. For an error to affect substantial rights, it generally "must have been prejudicial: It must have affected the outcome of the district court proceedings." Olano, 507 U.S. at 734. Unlike an error that is timely noticed, at the substantial rights stage of a plain error analysis, it is "the [appellant] rather than the [appellee] who bears the burden of persuasion with respect to prejudice," and in general, the appellant must make a specific showing of prejudice. Id. at 734-35. Widenhouse has failed to make the requisite showing.

Widenhouse's conclusory assertion that the district court's erroneous instruction on Gill's Title VII retaliation claim

9

prejudicially affected the jury's consideration of all claims is wholly unsupported by the record.

Nor has Widenhouse shown that the district court's erroneous instruction actually affected the outcome of the case with regard to Gill's Title VII retaliation claim itself. First, despite the improper instructions, it is not clear that the jury actually determined Widenhouse's liability under the incorrect standard. The jury's verdict sheet may constitute "evidence to the contrary" of our typical assumption that the jury followed the district court's instruction on this claim. United States v. Hager, 721 F.3d 167, 189 (4th Cir. 2013). On its verdict sheet, the jury found that Gill had proven "he was terminated from his employment by the defendant because of his opposition to activity made unlawful under Title VII." J.A. 2378 (emphasis added). Under Nassar, the use of "because of" indicates the existence of a but-for causal relationship. 133 S. Ct. at 2527-2528. Moreover, the jury also found that Widenhouse had not shown "that it would have terminated [Gill] for other reasons, even though his race and/or his protected opposition was a motivating factor." J.A. 2378. The jury's finding that there was no lawful reason for Gill's termination indicates that it could have concluded retaliation was a but-for cause of the adverse employment action.

10

Second, Widenhouse cannot prove that the district court's Title VII retaliation instruction was actually prejudicial because the jury found it liable for exactly the same conduct in violation of § 1981. Finally, while it is impossible to determine the amount of damages the jury would have granted if Widenhouse had not been found liable for violating Title VII's retaliation provisions, Gill would have been eligible for, and might have received, the same compensatory and punitive damages on the basis of Widenhouse's liability for his remaining claims.

Because Widenhouse has failed to show any actual prejudice as a result of the district court's improper instruction, its claim of plain error fails.

B.

Next, Widenhouse argues that it is entitled to a new trial on all of the EEOC's and Gill's claims because the district court abused its discretion by instructing the jury on punitive damages liability during the liability phase of the trial. This claim is meritless.

In Mattison v. Dallas Carrier Corp., 947 F.2d 95 (4th Cir. 1991), we observed that "when it is determined that the evidence relevant to the appropriate amount of punitive damages will be prejudicial to the jury's consideration of liability or compensatory damages, bifurcation of the trial under Federal Rule of Civil Procedure 42(b) remains an available solution."

11

Id. at 110.  We then stated that "[w]henever the district court orders a bifurcated trial, the jury should be required, in the first phase, to determine whether punitive damages are to be awarded, and only if its verdict so determines, should it be presented in the second phase with the evidence relevant to the factors for finding the appropriate amount."  Id.

The district court in this case followed the procedure explained in Mattison exactly, and we therefore find no abuse of discretion.

C.

Widenhouse also contends that it is entitled to a new trial on all claims because the district court abused its discretion by excluding testimony and examination concerning Gill's termination from, and EEOC charge against, Consolidated Pipe. It contends that the evidence was admissible under several rules and that the district court's Federal Rule of Evidence 403 analysis was improper.

We need not consider the merits of these arguments. The district court excluded Widenhouse's desired testimony and evidence on alternative grounds, each of which was independently sufficient.  Because Widenhouse failed to object to these alternative grounds on appeal, we find no abuse of discretion and affirm.

12

D.

Finally, Widenhouse contends that the district court abused its discretion in calculating the amount of Gill's attorney's fees because it relied on an unreasonable hourly rate and did not require sufficient proof that Gill's attorney's work was not mere duplication of the EEOC's efforts.[2]

In cases such as this, factors courts in this circuit consider in determining fee awards are: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship between the attorney and the client;

---

[2] On appeal, Widenhouse also contends that the district court erred by failing to reduce Gill's requested fees to account for travel time and by failing to reduce its lodestar calculation to account for the amount of recovery and Gill's contingency fee arrangement. However, Widenhouse did not raise these objections below and has not alleged the existence of any exceptional circumstances necessitating review, so we deem these arguments waived. See Brickwood Contrs., Inc., 369 F.3d at 390.

13

and (12) attorneys' fee awards in similar cases. In re Abrams & Abrams, P.A., 605 F.3d 238, 244 (4th Cir. 2010); Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978).

In support of his fee request, Gill submitted affidavits from other local attorneys, neither of whom was a solo practitioner. Widenhouse contends that the district court unreasonably failed to account for the fact that, unlike the affiant attorneys, Gill's attorney is a solo practitioner with lower overhead costs. However, as the district court correctly noted, under our controlling precedent, a counsel's firm size and overhead are not necessary considerations. See In re Abrams & Abrams, 605 F.3d at 244.[3] Widenhouse does not otherwise challenge the district court's application of the Barber factors, and we therefore find no abuse of discretion in its adoption of Gill's requested hourly rate.

Widenhouse also argues that the district court's fee award constituted an abuse of discretion because Gill's submissions were inadequate to overcome a presumption that his attorney's efforts duplicated the EEOC's. This claim is similarly baseless. First, we have never recognized a presumption of

_____

[3] It is worth noting that in the context of low-overhead non-profit agency representation, the Supreme Court has rejected the application of cost-based rates in favor of the usual market-based rates for attorney's fees. See generally Blum v. Stenson, 465 U.S. 886 (2006).

14

duplication, nor do we believe it is necessary to create one because the prevailing party must already demonstrate its entitlement to fees with specificity. Second, Widenhouse's claim that Gill's evidence fails to show substantially independent work is belied by the record. Beyond Gill's supporting billing, affidavits, and other documentation, the district court found that Gill's counsel was the only attorney to prepare his Title VII and § 1981 retaliation claims and that Gill's attorney had taken on a lead counsel role for several of the plaintiffs' shared causes of action. J.A. 2533-35. In light of the evidence submitted and the district court's own observations, Widenhouse's unsupported arguments fail to show that the district court abused its discretion by awarding attorneys fees in the amount requested.[4]

## IV.

For the reasons stated above, the jury's verdicts and the district court's fee award are

AFFIRMED.

---

[4] We have considered Widenhouse's remaining arguments and find them to be without merit.